UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD KHAN,<br><br>    Plaintiff,<br><br>    v.<br><br>HUNT,<br><br>    Defendant. | Case No. 24-cv-03903 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DIRECTING PLAINTIFF TO FILE NON-PRISONER *IN FORMA PAUPERIS* APPLICATION** |

Plaintiff, a state parolee, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against officers at Santa Clara County Jail, where he was formerly housed. Dkt. No. 1. Plaintiff's motion for leave to proceed *in forma pauperis* is also on the wrong form since he is no longer incarcerated. Dkt. No. 2. Plaintiff shall be provided with a non-prisoner IFP application.

**DISCUSSION**

A.    <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Plaintiff's Claims**

Plaintiff alleges that during October 2021, he was housed at the Santa Clara County Mail Jail, in the medical unit. Dkt. No. 1 at 2. His hand/wrist was in a cast/splint and he was being treated for those injuries. *Id.* He alleges that two weeks prior, he had been stripped and searched. *Id.* Then two weeks later, multiple deputies, including Defendant Hunt, came to his cell, grabbed him, rammed his head into the toilet, bending and twisting his body. *Id.* at 3. Plaintiff claims Defendant Hunt ripped his cast from his hand and twisted it. *Id.* Plaintiff claims that an MRI in February 2022 showed chipped bone, torn ligaments, and related new discovered injuries. *Id.* Plaintiff claims that Defendant Hunt and Doe deputies searched his cell and removed his property without reason or cell receipt. *Id.* He asserts that out of the whole building, his cell was the only one trashed. *Id.* Plaintiff claims Defendants acted with "deliberate indifference to his medical needs and preventative transportation by using physical force to cause injury and knowingly doing so as continued reprisals for filing grievances." *Id.* He seeks damages. *Id.*

Liberally construed, the allegations regarding Defendant Hunt's actions support a claim for excessive force rather than deliberate indifference to medical needs. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993); *Whitley v. Albers*, 475 U.S. 312, 319 (1986). With respect to the "Doe" defendants, Plaintiff shall be given an opportunity through discovery to identify the unknown defendants if this matter proceeds against Defendant Hunt. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, the allegations in the

2

complaint are deficient with respect to the following claims.

First, Plaintiff's reference to "reprisals for filing grievances" indicates that he may be attempting to state a retaliation claim. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff's allegations are insufficient to satisfy all five elements as he fails to provide sufficient facts to establish that any named Defendant acted in retaliation for Plaintiff filing grievances. For example, he fails to identify the specific adverse act that was taken: was it the cell search, the excessive force, or both? Furthermore, Plaintiff fails to allege that any specific Defendant was aware that he had filed grievances and that was the "because of" factor for the adverse action. Lastly, Plaintiff fails to allege that such action chilled the exercise of his First Amendment rights and did not reasonably advance a legitimate correctional goal.

Second, Plaintiff's allegations regarding the loss of property fails to state a claim. Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17

3

(9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  Only if the deprivation was not random and unauthorized, but the result of "established state procedure" could Plaintiff state a cognizable due process claim against the appropriate officers.  *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-37 (1982).  However, the confiscation of property as alleged appears to be random and unauthorized, and therefore not cognizable under § 1983.[1]

Lastly, Plaintiff claims that the cell search amounted to "cruel and unusual punishment."  Dkt. No. 1 at 3.  However, the allegations are insufficient to establish an Eighth Amendment violation.  A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).  A heightened pleading standard applies to the subjective prong of Eighth Amendment claims:  the plaintiff must make nonconclusory allegations supporting an inference of unlawful intent.  *Alfrey v. United States*, 276 F.3d 557, 567-68 (9th Cir. 2002) (applying standard to *Bivens* Eighth Amendment claim).  Here, there are no allegations describing an objectively, sufficiently serious deprivation and that a specific Defendant possesses a sufficiently culpable state of mind.

Plaintiff shall be granted leave to amend to attempt to correct the deficiencies in the above claims.  Plaintiff should keep the following principles in mind in preparing an amended complaint.  Liability may be imposed on an individual defendant under § 1983

---

[1] Due process is violated where a deprivation is predictable and pre-deprivation process possible, but state officials, acting under apparent authority of state procedures, provide no pre-deprivation procedure and are specifically charged with the authority to effect the deprivation complained of.  *See Zimmerman*, 255 F.3d at 739 (holding that a due process challenge to the deprivation of property may go forward where  (1) the deprivation took place at a specific, predictable point in the seizure process; (2) the seizing officer was delegated the power and authority to effect the very deprivation complained of; and  (3) he also had the concomitant duty to initiate the procedural safeguards set up under the local ordinance); *Armendariz v. Penman*, 31 F.3d 860, 866 (9th Cir. 1994).

4

only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 24-cv-03903 BLF (PR), and the words "FIRST AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original complaint, and Plaintiff may not make references to the original. Claims not included in the amended complaint are no longer claims and defendants not named therein are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**In the alternative**, Plaintiff may file notice to proceed on the cognizable excessive force claim against Defendant Hunt and strike all other claims from the complaint.

2. **Failure to respond in accordance with this order by filing an amended complaint or notice in the time provided will result in this matter proceeding solely on the excessive force claim identified above and all other claims being dismissed with prejudice from this action for failure to state a claim for relief without further notice to Plaintiff. However, this action will only proceed if Plaintiff files the non-prisoner**

5

**IFP application as set forth below.**

3. The Clerk shall enclose a copy of the court's "Application to Proceed In Forma Pauperis (Non-prisoner cases only)" with a copy of this order to Plaintiff. Plaintiff must file the completed IFP form **no later than twenty-eight (28) days** from the date this order is filed. **Failure to file the IFP application in the time provided will result in the dismissal of this action for failure to pay the filing fee**.

IT IS SO ORDERED.

Dated:  _December 2, 2024____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend; Directing Pl to file IFP app
PRO-SE\BLF\CR.24\03903Khan_dwlta&IFP

6